FILED
**Sep 28, 2023**
**10:10 AM(CT)**
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS





**TENNESSEE BUREAU OF WORKERS' COMPENSATION CLAIMS
IN THE COURT OF WORKERS' COMPENSATION CLAIMS
AT MURFREESBORO**

| | | |
|---|---|---|
| NOE JIMENEZ,<br>　　　　Employee,<br>v. | ) | Docket No. 2021-05-1163 |
| | ) | |
| ORLANDO ARAUZ,<br>　　　　Employer,<br>And | ) | State File No. 30028-2020 |
| | ) | |
| TECHNOLOGY CO., INC.,<br>　　　　Carrier. | ) | Judge Dale Tipps |

---

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

---

Mr. Arauz filed a Motion for Summary Judgment. The central issue is whether he is entitled to summary judgment because the statute of limitations bars Mr. Jimenez's claim. For the reasons below, the Court holds Mr. Arauz is entitled to summary judgment.

### Procedural History and Facts

Mr. Jimenez alleged he suffered work-related injuries on April 16, 2020. Mr. Arauz accepted the claim and provided medical treatment. Mr. Jimenez filed a Petition for Benefit Determination on December 22, 2023, seeking additional treatment.

Mr. Arauz filed this Motion for Summary Judgment, and Mr. Jimenez filed no response. The Court held a hearing on the motion on September 26, 2023, but Mr. Jimenez did not appear.

Mr. Arauz filed a statement of undisputed material facts with citations to the record under Tennessee Rules of Civil Procedure 56.03. Because Mr. Jimenez did not respond, no facts alleged in Mr. Arauz's statement were rebutted. These facts are summarized as follows:

1

1. Mr. Jimenez's date of injury is April 16, 2020.
2. The last date Mr. Arauz paid benefits to or on behalf of Mr. Jimenez was November 2, 2020.
3. Mr. Jimenez filed his Petition for Benefit Determination on December 22, 2021.

Based on these facts, Mr. Arauz argued summary judgment should be granted because it affirmatively negated an essential element of Mr. Jimenez's claim – that he timely filed the petition – *and* that the facts are insufficient for him to prove this element.

## Law and Analysis

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

As the moving party, Mr. Arauz must do one of two things to prevail on his motion: (1) submit affirmative evidence that negates an essential element of Mr. Jimenez's claim, or (2) demonstrate that his evidence is insufficient to establish an essential element of his claim. Tenn. Code Ann. § 20-16-101 (2022); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). If Mr. Arauz meets this burden, Mr. Jimenez must then establish that the record contains specific facts upon which the Court could base a decision in his favor. *Rye*, at 265.

Mr. Jimenez did not respond in writing to oppose Mr. Arauz's properly supported motion for summary judgment or follow the Rule 56 requirement of responding to the statement of undisputed material facts. Therefore, the Court finds the motion and the facts are undisputed. The issue then is whether under Rule 56.06 summary judgment is "appropriate."

The essential element at issue in this case comes from Tennessee Code Annotated section 50-6-203(b)(2), which provides that when the employer has voluntarily paid workers' compensation benefits, the right to compensation is forever barred unless a petition for benefit determination is filed "within one year from the latter of the date of the last authorized treatment or the time the employer ceased to make payments of compensation to or on behalf of the employee."

The undisputed facts conclusively show that Mr. Jimenez filed his Petition for Benefit Determination on December 22, 2021, which is more than one year after Mr. Arauz's last payment of authorized benefits on November 2, 2020. Thus, Mr. Arauz met his burden of negating an essential element of the claim. This means Mr. Jimenez must show that the record contains specific facts upon which the Court could find in his favor, such as proof of a recognized exception to the statute of limitations.

As noted above, Mr. Jimenez filed no response to the motion or the statement of undisputed material facts. Without proof of any applicable exceptions to the statute of limitations, Mr. Jimenez's evidence is insufficient to prove this essential element of his claim. Therefore, the Court holds that no genuine issue of material fact exists and Mr. Arauz is entitled to summary judgment as a matter of law.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Arauz's Motion for Summary Judgment is granted, and Mr. Jimenez's claim is dismissed with prejudice to its refiling.

2. Unless appealed, this order shall become final thirty days after entry.

3. The Court taxes the $150.00 filing fee to Mr. Arauz under Tennessee Compilation Rules and Regulations 0800-02-21-.06, payable to the Clerk within five business days.

4. Mr. Arauz shall prepare and submit the SD-2 with the Clerk within ten days of the date of judgment.

**ENTERED September 28, 2023.**

_____
**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

**CERTIFICATE OF SERVICE**

I certify that a copy of the Order was sent as indicated on September 28, 2023.

| Name | U.S. Mail | Via Email | Service Sent To |
|---|---|---|---|
| Noe Jimenez | X | X | 813 Naylor Ave., lot 38 Murfreesboro, TN 37130 jimennoah@gmail.com |
| Mackenzie Keffalos, Employer's Attorney | | X | mckeffalos@mijs.com |

Penny Shrum

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

4



<u>Compensation Order Right to Appeal</u>:

If you disagree with this Compensation Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the Compensation Order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. The Court Clerk will prepare the technical record and exhibits for submission to the Appeals Board, and you will receive notice once it has been submitted. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript, and you must file it with the Court Clerk *within fifteen calendar days* of filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of filing the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the testimony presented at the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board must review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. You have *fifteen calendar days* after the date of that notice to file a brief to the Appeals Board. *See the Rules governing the Workers' Compensation Appeals Board on the Bureau's website*

**If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry. Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

## AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____    Relationship: _____

_____    Relationship: _____

_____    Relationship: _____

_____    Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | | |
|---|---|---|---|---|
| AFDC | $ _____ | per month | beginning | _____ |
| SSI | $ _____ | per month | beginning | _____ |
| Retirement | $ _____ | per month | beginning | _____ |
| Disability | $ _____ | per month | beginning | _____ |
| Unemployment | $ _____ | per month | beginning | _____ |
| Worker's Comp. | $ _____ | per month | beginning | _____ |
| Other | $ _____ | per month | beginning | _____ |

LB-1108 (REV 11/15)                                                                    RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental $ _____ per month

Groceries        $ _____ per month    Telephone    $ _____ per month

Electricity       $ _____ per month    School Supplies $ _____ per month

Water          $ _____ per month    Clothing     $ _____ per month

Gas            $ _____ per month    Child Care   $ _____ per month

Transportation $ _____ per month    Child Support $ _____ per month

Car            $_____ per month

Other          $ _____ per month (describe: _____ )

10. Assets:

Automobile         $ _____    (FMV) _____

Checking/Savings Acct. $ _____

House             $ _____    (FMV) _____

Other             $ _____    Describe:_____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____